UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SABRA GALVAN, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | 1:15-cv-00285-JAW |
| SHARON NELSON, | ) ) | |
|     Defendant | ) ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff Sabra Galvan attempts to assert multiple causes of action against Defendant Sharon Nelson who, according to the complaint, is Plaintiff's landlord. Plaintiff's claims evidently relate to Plaintiff's rental of certain real property. The matter is before the Court on Defendant's motion to dismiss. (ECF No. 12.)[1]

Following a review of the pleadings, and after consideration of the parties' arguments, I recommend that the Court grant in part and deny in part the motion.

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's complaint, which facts are deemed true when evaluating the motion to dismiss. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff's complaint consists primarily of a list of 25 topics, or categories, under the caption "Statement of Claims." Some of Plaintiff's allegations include, "Wrongful and Illegal Lease Termination," "Breach of Quiet Enjoyment," "Conversion of Tenant Property," "Fair

---

[1] Plaintiff also filed a motion for leave to file a response in excess of the page limits established by Local Rule 7. (ECF No. 13.) The motion is granted.

Housing," "Discriminate in refusing to Rent or Sell Property," "Tell someone that a property is rented or sold when it is not," "Not making reasonable accommodations for people with physical or Mental Disabilities," "Otherwise making Housing unavailable by steering you to a part of town that caters to a particular group of people," and "Landlords bullying Tenants."  (Complaint at 2.)

Plaintiff also alleges that "[t]he Landlord failed to repair the property after I had reported time and time again that there were dangerous trees in the yard and was a result of injury to me at which resulted in internal bleeding and lots of medical attention and surgery."  (Complaint at 2.)  She further asserts that she paid to remove trees on the property.

Defendant Sharon Nelson resides in North Carolina.  (Complaint at 3.)  Plaintiff requests relief in the amount of $400,000.  (*Id.*)

## STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's complaint in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action based on "lack of subject matter jurisdiction."  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).  Unless Plaintiff alleges an actionable claim under federal law, or a claim between citizens of different states that exceeds $75,000, this Court would lack jurisdiction over the Plaintiff's action.  *See* 28 U.S.C. §§ 1331, 1332.

In addition, Federal Rule of Civil Procedure 12(b)(6) authorizes a party to seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome a motion to dismiss for failure to state a claim, a plaintiff must establish that her allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claims at issue. *Id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Consequently, in assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

**DISCUSSION**

Citing Rules 12(b)(1) and 12(b)(6), Defendant argues: (1) that Plaintiff's complaint fails to allege that the amount in controversy exceeds $75,000 and thus diversity jurisdiction does not exist; (2) that Plaintiff has not asserted a federal cause of action; (3) that Plaintiff's "bullet points of so-called 'claims'" lack sufficient facts to state a claim; (4) that Plaintiff has failed to join a party under Rule 19, namely Susan LeVasseur, against whom Plaintiff has filed a separate action arising from the same operative facts (case no. 1:15-cv-00283-JAW); (5) that Plaintiff has failed to establish which claim(s) require an administrative process; and (6) that Plaintiff's complaint is not presented in the appropriate format.  (Motion to Dismiss at 2 – 5.)

Plaintiff contends that the case is properly before this Court because Plaintiff's claim arises under the Constitution and federal statutes, and because Defendant lives outside of Maine.  (Pl.'s Response at 1, ECF No. 14.)[2]

**A.   Subject Matter Jurisdiction**

   *1.   Federal question jurisdiction*

Title 28 U.S.C. § 1331 provides: "The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Although Plaintiff has not asserted a claim under the Constitution,[3] she has identified certain federal statutes that

---

[2] Plaintiff's response to the motion otherwise consists of copies of various passages or articles regarding the United States Constitution, the Civil Rights Act, the Fair Housing Act, the Americans with Disabilities Act, personal jurisdiction, wrongful lease termination, quiet enjoyment, and miscellaneous other topics.

[3] While Plaintiff has asserted that her case arises under the Constitution, the protections afforded to individuals by the Constitution relate to the exercise of governmental power and authority; the Constitution does not apply in the context of purely private disputes.  *See*, *e.g.*, *Boddie v. Connecticut*, 401 U.S. 371, 390 – 91 (1971); *Reitman v. Mulkey*, 387 U.S. 369, 380 – 81 (1967); *Ohio Tax Cases*, 232 U.S. 576, 588 – 89 (1914).  In particular, contrary to Plaintiff's assertion, the Seventh Amendment does not confer upon federal district courts subject matter jurisdiction over all common law disputes.  *Nalls v. Countrywide Home Servs., LLC*, 279 Fed. App'x 824, 825 (11th Cir. 2008).  Instead, it preserves the right to have a jury (rather than a court) determine factual issues in certain claims that are otherwise properly before the court.  U.S. Const. amend. VII; *see also Cty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1387, 1405 (E.D.N.Y. 1989) *aff'd,* 907 F.2d 1295 (2d Cir. 1990) ("When, as here, federal law provides no basis for

would support this Court's exercise of subject matter jurisdiction. In particular, Plaintiff cites the Fair Housing Act and the Americans with Disabilities Act as grounds for her claim. (Complaint at 2.) For instance, Plaintiff alleges "[n]ot making reasonable accommodations for people with Mental Disabilities (the physical part overlaps with accommodations under the ADA [Americans with Disabilities Act]." (Complaint at 2.) If Plaintiff has otherwise asserted facts sufficient to state a claim under the federal statutes, Plaintiff has asserted a claim within the Court's federal question jurisdiction.

### 2.  *Diversity jurisdiction*

Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff, a Maine resident, has asserted her claims against a resident of North Carolina. Defendant has not challenged the residency allegation.

As to the amount in controversy, dismissal would be appropriate only if it appeared "to a legal certainty that the claim is really for less than the jurisdictional amount." *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012). Given that Plaintiff has alleged damages in excess of $75,000, and given that she has alleged that as the result of Defendant's conduct, she suffered "internal bleeding and lots of medical attention and surgery," at this stage of the proceeding, one cannot reasonably conclude to a legal certainty that Plaintiff's claim is actually for less than the jurisdictional amount.

---

the exercise of federal jurisdiction, there is no cognizable cause of action to which the Seventh Amendment guarantee can apply."); *Terpstra v. Farmers & Merch. Bank*, 634 F. Supp. 47, 49 (N.D. Ind. 1985) *aff'd*, 792 F.2d 142 (7th Cir. 1986) ("The Seventh Amendment of the Constitution of the United States does not contain a grant of jurisdiction. The clear and unambiguous language preserves only a right to a jury trial *after* proper jurisdiction is established.").

### B.     Failure to State a Claim

Although Plaintiff has identified certain federal statutes that support this Court's exercise of federal question jurisdiction, Plaintiff has failed to allege sufficient facts to state a federal claim. To state a claim in federal court, Plaintiff's complaint "must contain: … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The requirements of Rule 8 are "minimal." *Calvi v. Knox Cnty.*, 470 F.3d 422, 430 (1st Cir. 2006). A complaint, however, "must, at a bare minimum, give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (internal quotation marks omitted). In other words, the complaint must provide some minimal information about "who did what to whom, when, where, and why."[4] *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Additionally, a complaint is properly dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff's complaint consists largely of general, conclusory allegations. For instance, she alleges discrimination, failing to make reasonable accommodations, false and misleading statements, conversion of property, and unfair or deceptive trade practices, but fails to assert specific facts to support her alleged theories. Other than her claim regarding the trees on the property, Plaintiff has not alleged any facts from which one could discern the actual conduct, in violation of federal or state law, upon which Plaintiff relies to support her claim against Defendant.

---

[4] Statements regarding a defendant's personal motivations need not be supported with specific factual allegations, but may be stated in general terms. *Hernandez*, 367 F.3d at 68; Fed. R. Civ. P. 9(b).

6

Plaintiff's allegation that she suffered damages as the result of dangerous trees on the subject property, however, which damages include the cost of the removal of the trees from the property, states a plausible cause of action under state law.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant in part Defendant's motion to dismiss and dismiss all claims other than Plaintiff's claim for damages related to the alleged dangerous trees on the property, unless within the deadline for filing an objection to this Recommended Decision, Plaintiff amends her complaint to state additional plausible claims on the other subject matters Plaintiff references in her complaint.[5]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of January, 2016.

---

[5] In some circumstances, the Court may provide a pro se litigant with an opportunity to amend his or her pleading in order to avoid summary dismissal based on the pro se litigant's failure to understand the applicable substantive and procedural law.  *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 20 (1st Cir. 2004).  Given that this matter is in its initial stages and that Defendant's motion to dismiss was filed in response to Plaintiff's complaint, allowing Plaintiff an opportunity to amend her complaint is reasonable.