UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SABRA GALVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-00285-JAW |
| | ) | |
| SHARON NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On July 20, 2015, Sabra Galvan, acting pro se, filed a complaint against Sharon Nelson, alleging that Ms. Nelson engaged in multiple violations of law and claiming this Court has jurisdiction for "Violation of Civil Rights" and "Discrimination of the ADA [Americans with Disabilities Act]." *Compl.* at 1-4 (ECF No. 1). On November 25, 2015, Sharon Nelson filed a motion to dismiss the complaint. *Def. Sharon Nelson's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)* (ECF No. 12). On December 15, 2015, Ms. Galvan responded to the motion to dismiss. *Pl. Sabra Galvan's Resp. to Def. Sharon Nelson's Mot. to Dismiss, and Moves Not to Dismiss due to the Fact that the Claim Arises under the Constitutional Laws of the United States, and Civil Rights Act, and the ADA [Americans with Disabilities Act], Also due to the Fact that the Def. Lives Out of State this Is a Diversity Case* (ECF No. 14). On December 22, 2015, Ms. Nelson replied to Ms. Galvan's response. *Def. Sharon Nelson's Reply Mem. in Supp. of her Rule 12(b) Mot. to Dismiss* (ECF No. 16).

On January 25, 2016, the Magistrate Judge issued a recommended decision in which he recommended that the Court grant in part and deny in part the motion. *Recommended Decision on Mot. to Dismiss* (ECF No. 17).  More specifically, he wrote:

> Based on the foregoing analysis, I recommend that the Court grant in part Defendant's motion to dismiss and dismiss all claims other than Plaintiff's claim for damages related to the alleged dangerous trees on the property, unless within the deadline for filing an objection to this Recommended Decision, Plaintiff amends her complaint to state additional plausible claims on the other subject matters Plaintiff references in her complaint.

*Id.* at 7 (footnote omitted).  Objections to the Recommended Decision were due on February 11, 2016.  On February 9, 2016, Ms. Nelson filed an objection to the Recommended Decision.  *Def.'s Obj. to R. & R.* (ECF No. 19) (*R. & R. Obj.*).  On February 11, 2016, Ms. Galvan filed a motion to extend time to amend her complaint. *Mot. for More Time to Amend my Compl. to State a Plausible Fed. Claim* (ECF No. 20).  On February 23, 2016, Ms. Nelson filed an objection to Ms. Galvan's motion to extend time.  *Def.'s Opp'n to Pl.'s "Mots." for More Time to Amend Compl.* (ECF No. 21).

On March 9, 2016, the Court issued an order granting Ms. Galvan's motion to extend time to amend her complaint, allowing her until March 25, 2016 to file an amended complaint.  *Order on Mot. to Extend Time to Am. Compl.* (ECF No. 22).  Ms. Galvan has failed to comply with the March 9, 2016 Order; she has filed no such amended complaint.[1]  Accordingly, the Magistrate Judge's recommended decision on the complaint as originally filed is ready for resolution.

---

[1]    The Court docket indicates that the Clerk's letter to Ms. Galvan, enclosing the Court's Order, was returned to the Clerk's Office as undeliverable. *See Mail* (ECF No. 23).  Even though the Court is

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision.

The Court briefly addresses Ms. Nelson's objection.  On February 9, 2016, Ms. Nelson objected to the Recommended Decision, which she says "purports to allow Plaintiff's claims to proceed on the very thin premise that there are allegedly dangerous trees on the property."  *R. & R. Obj.* at 1.  Ms. Nelson then quotes the Magistrate Judge's Recommended Decision in *Galvan v. Levasseur*, 1:15-cv-00283-JAW (ECF No. 16), in which the Magistrate Judge concluded that the dangerous tree allegation against Ms. Levasseur was a state law claim and not cognizable in federal court.  *Id.* (quoting *Galvan v. Levasseur*, 1:15-cv-00283-JAW, *Recommended Decision on Mot. to Dismiss*, at 5 (ECF No. 16)).  Ms. Nelson claims that the *Levasseur* case was based on the "same operative facts."  *Id.*

The problem is that the operative facts for purposes of federal court jurisdiction are not the same in *Levasseur* and here.  Both Ms. Galvan and Ms. Levasseur live in Maine, and therefore, this Court may not assume diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  As the Magistrate Judge wrote in *Levasseur*, the Court has no jurisdiction over Ms. Galvan's dangerous tree claim against Ms. Levasseur, which resonated in

---

solicitous of Ms. Galvan's status as a pro se litigant, "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address."  *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 U.S. Dist. LEXIS 48130, at *10 (D. Me. Apr. 11, 2016) (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988)).

state law.  By contrast, Ms. Nelson lives in North Carolina, *Compl.* at 3, and subject to the jurisdictional limit of $75,000, the Court has diversity jurisdiction over the dangerous tree claim.  28 U.S.C. § 1332(a)(1).  Ms. Nelson's claim that the Court should dismiss Ms. Galvan's case against her for the same reason that it dismissed Ms. Galvan's case against Ms. Levasseur is frivolous.

1) The Court ORDERS that the Recommended Decision of the Magistrate Judge (ECF No. 17) be AFFIRMED;

2) The Court GRANTS in part and DENIES in part Defendant Sharon Nelson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) (ECF No. 12);

3)  The Court GRANTS Defendant Nelson's motion to dismiss without prejudice to all claims, except Plaintiff Sabra Galvan's claim relating to dangerous trees on the property; and

4) The Court OVERRULES Defendant's Objection to Report and Recommended Decision (ECF No. 19).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2016