UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SABRA GALVAN, | ) |
| Plaintiff | ) ) ) |
| v. | ) )   1:15-cv-285-JAW ) |
| SHARON NELSON, | ) ) |
| Defendant | ) |

### RECOMMENDED DECISION ON DEFENDANT'S
### MOTION FOR SANCTION OF DISMISSAL

The matter is before the Court on Defendant's request for dismissal, which request is set forth in Defendant's "Further Opposition to Plaintiff's 'Motions' for More Time to Amend the Complaint." (ECF No. 26.) Defendant seeks dismissal as a sanction for Plaintiff's failure to comply with a court-established deadline for the amendment of her complaint. I recommend the Court deny the motion.

### Background Facts

In response to Plaintiff's complaint, Defendant moved for dismissal on several grounds, including the Court's lack of jurisdiction and Plaintiff's failure to state an actionable claim. (ECF No. 12.) The Court determined that although Plaintiff had not asserted a federal claim, Plaintiff had stated a claim within the Court's diversity jurisdiction. (Recommended Decision on Defendant's Motion to Dismiss, ECF No. 17; Order Affirming, ECF No. 24.) In its Order granting in part and denying in part Defendant's motion to dismiss, the Court permitted Plaintiff an opportunity to amend her complaint to set forth a federal claim. Plaintiff subsequently requested an extension of the deadline to file her amended complaint, and the Court granted Plaintiff until March 25, 2016, to file an amended complaint. (Motion to Extend, ECF No. 20; Order Granting Motion to Extend, ECF No. 22.) Plaintiff did not file an amended complaint.

**Discussion**

Through her motion, Defendant requests that the Court dismiss Plaintiff's action because Plaintiff failed to file within the deadline established by the Court an amended complaint setting forth a plausible federal claim. (Motion at 2.) More specifically, Defendant contends that dismissal is warranted based on Plaintiff's "continuing violations of established orders." (*Id*.) Plaintiff's failure to file an amended complaint does not constitute a violation of a court order. Plaintiff was not *required* to file an amended complaint. The Court concluded Plaintiff had stated a claim within the Court's diversity jurisdiction, and allowed Plaintiff the opportunity to assert a federal claim if she believed she had a basis for such a claim after reviewing the Court's decision on the motion to dismiss. Plaintiff was free to decline the opportunity. The consequence of Plaintiff's failure to amend her complaint is the dismissal of any federal claim Plaintiff attempted to assert in her original complaint. Plaintiff's failure to assert a federal claim does not prevent Plaintiff from proceeding on her claim within the Court's diversity jurisdiction.

Even if the lack of an amended complaint is construed as Plaintiff's failure to comply with a court order, dismissal would not be appropriate. Dismissal as a sanction for noncompliance with court orders should be used cautiously. "Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent." *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). "Dismissal is only one of the authorized forms of sanctions, and the district court 'should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011)

(quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)).  When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits."  *Id.* (citing *Young,* 330 F.3d at 81).  Simply stated, the record in this case lacks any evidence to support dismissal as a sanction for Plaintiff's failure to file an amended complaint.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Defendant's motion requesting the sanction of dismissal.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2016.

---

[1] In her motion, Defendant notes that the Court's order extending the time for Plaintiff to file an amended complaint was undeliverable. (ECF 23.)  The order was sent to Plaintiff at 7 Wellesley Way, Bangor, Maine, the address Plaintiff included in the motion by which she requested the extension of time. (Motion at 2, ECF No. 20.)  To date, Plaintiff has not informed the Court of a change of address.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current contact information.  *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also Information for Pro Se Parties, Responsibilities of the Pro Se Litigant* ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online).  Given the focus of Defendant's motion, I specifically do not address whether Plaintiff's apparent failure to advise the Court of a change of address is, at this point, grounds for dismissal.  Plaintiff, however, is hereby advised that in the event she fails to prosecute this action, which prosecution includes keeping the Court apprised of her current address, the Court could dismiss her complaint.