UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SABRA GALVAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00285-JAW |
| | ) | |
| SHARON NELSON, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff seeks to recover for damages she allegedly sustained as the result of dangerous trees on property she leased from Defendant. The matter is before the Court on Defendant's motion to dismiss. Through the motion, Defendant asks the Court to dismiss Plaintiff's complaint because Plaintiff has failed to keep the Court and Defendant apprised of her current address and to meet certain deadlines established in the scheduling order. (ECF No. No. 34.)

After review of Defendant's motion and the record, I recommend the Court grant Defendant's motion to dismiss.

**Background**

On January 26, 2016, after consideration of Defendant's first motion to dismiss, I recommended the Court grant in part the motion. If the Court were to adopt the recommendation, unless Plaintiff amended her complaint to state other plausible claims, the claim regarding alleged dangerous trees on Defendant's property would be the sole claim on which Plaintiff would be permitted to proceed. (ECF No. 17.) The Court subsequently affirmed the recommended decision. (ECF No. 24.)

On February 11, 2016, Plaintiff requested an extension of the time to file an amended complaint in accordance with the recommended decision. (ECF No. 20.) The Court granted Plaintiff's request. (ECF No. 22.)

Plaintiff, however, did not file an amended pleading. Defendant then moved to dismiss Plaintiff's complaint as a sanction for Plaintiff's failure to file an amended complaint in accordance with the Court's order granting her additional time to file an amended complaint. Although Plaintiff did not respond to the motion to dismiss, the Court denied the motion as Plaintiff was not required to file an amended complaint. (ECF Nos. 29, 31.)

Plaintiff's February motion to extend time was Plaintiff's most recent contact with the Court. Subsequently, all mail sent to Plaintiff by the Court has been returned as undeliverable. The returned mail includes the order granting Plaintiff additional time to amend, the order addressing Defendant's first motion to dismiss, the recommended decision on Defendant's motion for sanctions, the order adopting the recommended decision on the motion for sanctions, and the scheduling order. (ECF Nos. 23, 25, 30, 33.)

Over the past six months, Plaintiff has not contacted the Court to provide her current address and contact information. During this time, the deadlines set in the Court's scheduling order for the parties' initial conference and initial disclosures have expired. Defendant is unaware of Plaintiff's location and thus has no means to communicate with Plaintiff.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a defendant to file a motion for dismissal when the plaintiff fails to prosecute the action or fails to comply with the rules or a court order. Here, Plaintiff has failed to comply with with the Court's scheduling order, and otherwise failed to prosecute this action.

Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online). Plaintiff is evidently aware of her obligation to remain in contact with the Court because she has on one prior occasion called the Clerk to inform the Court of a change of address. (ECF No. 6.)

Plaintiff has not contacted the Court or Defendant for more than six months. During that time, important discovery-related deadlines have expired. Significantly, without current contact information for Plaintiff, Defendant cannot conduct any meaningful discovery. In addition, the Court cannot schedule any proceedings with a realistic expectation that Plaintiff will participate. Under the circumstances, to subject Defendant to the uncertainty of continuing litigation and the expense of further motion practice would be unfair. This case illustrates the reason Rule 41(b) exits. That is, "[i]n order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez–Rijos v.*

*Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).  In short, dismissal is warranted in this case.

Although dismissal is appropriate, the issue is whether the dismissal should be with prejudice.  Unless the court directs otherwise, an order granting a motion to dismiss for failure to prosecute "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct.  *Vazquez–Rijos*, 654 F.3d at 127.  Because Plaintiff has in the past demonstrated an interest in prosecuting the action, and because Plaintiff's failure to communicate with the Court could be a product of circumstances beyond her control, Plaintiff's conduct cannot reasonably be construed as extreme.  Accordingly, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendant's Second Motion to Dismiss (ECF No. 34), and dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of August, 2016.